IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

STEPHANIE RAYBURN,                  §
                                    §
      Plaintiff,                    §
                                    §
vs.                                 §     C.A. NO. C-06-346
                                    §
CITY OF CORPUS CHRISTI,             §
                                    §
      Defendant.                    §
                                    §

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On this day came on to be considered Defendant's Motion to Dismiss. (D.E. 6.) For the reasons discussed below, the Court DENIES Defendant's motion.

## I.   JURISDICTION

This Court has federal question jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND

On August 7, 2006, Stephanie Rayburn ("Plaintiff") filed suit in this Court against her employer, the City of Corpus Christi ("Defendant"), alleging violations of Title VII of the Civil Rights Act, ("Title VII"), 42 U.S.C. § 2000(e) et seq. (See Compl. at ¶¶ 1-4.) In particular, Plaintiff claimed that her supervisors and coworkers subjected her to sexual harassment and a hostile work environment so intolerable that Plaintiff was forced to resign from her employment with the City of Corpus Christi's Wastewater Division. (Compl. at ¶¶ 6-10.) Plaintiff also alleged that the

Defendant, knew or should have known of the harassment, but failed to take remedial action to end the harassment.  (Compl. at ¶ 8.) Plaintiff sought relief in the form of lost wages and benefits, mental anguish damages, and attorney's fees.  (See Compl. at ¶ 11.)

On August 30, 2006, Defendant filed a "Motion to Dismiss" Plaintiff's Complaint on the grounds that Plaintiff had failed to timely exhaust her administrative remedies as required by 42 U.S.C. § 2000e-5(e).  (See D.E. 6.)  In particular, Defendant argued that Plaintiff's complaint should be dismissed because she did not file a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") within 300 days after she ceased to be a City employee.  (Def.'s Mot. to Dis. ("MTD") at ¶ B.)  On September 18, 2006, Plaintiff filed a response to Defendant's motion, arguing that she had complied with all prerequisites to filing suit under Title VII and that Defendant's motion should be denied.  (D.E. 8.)

**III. DISCUSSION**

   **A.   Standard for Motions to Dismiss**

In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).  The Court must also draw all reasonable inferences from those facts in the plaintiff's favor.  Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).  Dismissal is proper only where, viewing the facts

-2-

in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [her] claim which would entitle [her] to relief." <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995); <u>see also</u> <u>Scanlan v. Texas A&M University</u>, 343 F.3d 533, 536 (5th Cir. 2003).  Where a defendant moves to dismiss a case based on an affirmative defense such as the statute of limitations, a court should "dismiss [the] case only if an affirmative defense or other bar to relief appears on the face of the complaint." <u>Garrett v. Commonwealth Mortg. Corp. of America</u>, 938 F.2d 591, 594 (5th Cir. 1991); <u>Clark v. Amoco Prod. Co.</u>, 794 F.2d 967, 970 (5th Cir. 1986); <u>see also</u> <u>Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Texas</u>, 20 F.3d 1362, 1366 (5th Cir. 1994) (stating that "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate").

**B.   Timeliness of EEOC Charge**

The Fifth Circuit "has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." <u>Price v. Choctaw Glove & Safety Co., Inc.</u>, — F.3d —, 2006 WL 2170519 at *2 (5th Cir. 2006).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 379 (5th Cir. 2002) (citing <u>Dao v. Auchan Hypermarket</u>, 96 F.3d 787, 798 (5th Cir. 1996)).   The time

requirements for filing a charge with the EEOC are contained in 42

U.S.C. § 2000e-5(e), which provides that:

> A charge under this section shall be filed within one
> hundred and eighty days after the alleged unlawful
> employment practice occurred . . . except that in a case
> of an unlawful employment practice with respect to which
> the person aggrieved has initially instituted proceedings
> with a State or local agency with authority to grant or
> seek relief from such practice . . . such charge shall be
> filed by or on behalf of the person aggrieved within
> three hundred days after the alleged unlawful employment
> practice occurred, or within thirty days after receiving
> notice that the State or local agency has terminated the
> proceedings under the State or local law, whichever is
> earlier . . . .

42 U.S.C. § 2000e-5(e)(1).   Thus, "[a]s a general rule, a

complainant must file a discrimination charge with the EEOC within

180 days of the occurrence of the alleged unlawful employment

practice."[1]  See, e.g., EEOC v. Commercial Office Prods. Co., 486

U.S. 107, 110 (1988).  If, however, the complainant has "instituted

proceedings with a state or local [fair employment practice] agency

. . . the limitations period for filing such a charge with the EEOC

extends to 300 days."  Griffin v. City of Dallas, 26 F.3d 610, 612

(5th Cir. 1994); see also National R.R. Passenger Corp. v. Morgan,

536 U.S. 101, 109 (2002) ("In a State that has an entity with the

authority to grant or seek relief with respect to the alleged

---

[1] Where, as here, a plaintiff brings sexual harassment and
hostile work environment claims, the claims "will not be time
barred so long as all acts which constitute the claim are part of
the same unlawful practice and at least one act falls within the
time period." Pegram v. Honeywell, Inc., 361 F.3d 272, 279-80
(5th Cir. 2004) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536
U.S. 101, 113 (2002)).

-4-

unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice"). The time limit for filing a "charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court" but a requirement akin to a statute of limitations. See, e.g., Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Hood v. Sears Roebuck and Co., 168 F.3d 231, 232 (5th Cir. 1999) ("This time limit operates as a statute of limitations").

In Texas, there are several "fair employment practice" agencies with which an individual can file a complaint of discrimination, including the Corpus Christi Human Relations Committee ("CCHRC"), see 29 C.F.R. § 1601.80, which is "an arm of the Texas Commission for Human Rights (TCHR)," Southwestern Bell Mobile Sys., Inc. v. Franco, 971 S.W.2d 52, 53 (Tex. 1998). "In August 1989, the TCHR and the EEOC entered a Worksharing Agreement which was designed to minimize duplication of effort in the processing of charges and to achieve maximum consistency of purpose and results." See Griffin, 26 F.3d at 612. Pursuant to the Worksharing Agreement, "the EEOC and the TCHR each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir. 2000); Jackson v. Univ. of Texas M.D. Anderson Cancer Ctr., 172 F.Supp.2d 860, 868 (S.D. Tex. 2001) (In

the Agreement, "both the EEOC and the TCHR designate each other as agents for the purpose of receiving charges"); see also Acker v. Deboer, Inc., C.A. 04-1327, 2006 WL 1489265 at *2 (N.D. Tex. May, 24, 2006) (slip copy).  Thus, charges filed with the TCHR "are deemed received by the EEOC for purposes of timeliness." Cook v. Lee College, 798 F.Supp. 417, 421-22 (S.D. Tex. 1992); Hansen v. AON Risk Services of Tex., Inc., C.A. 05-3437, 2006 WL 846363 at *4 (S.D. Tex. 2006) (slip copy) ("In other words, when a charge is filed with the EEOC, it is considered automatically filed with the TCHR, and vice-versa"); 29 C.F.R. § 1601.8 ("A charge may be made in person or by mail at any office of the Commission or with any designated representative of the Commission") (emphasis supplied).

    In this case, Defendant does not dispute that Plaintiff was entitled to the 300-day limitations period under § 2000e-5(e)(1) because she instituted proceedings with the CCHRC.[2]  (MTD at ¶ B.) Defendant argues, however, that Plaintiff failed to file a charge with the EEOC within the 300-day filing deadline.  As the Defendant correctly notes, the last allegedly-discriminatory and harassing conduct of which Plaintiff complains occurred on April 15, 2006. (See Compl. at ¶ 6.)  Plaintiff tended her resignation from her

---

    [2] The Fifth Circuit has held that a plaintiff is entitled to the 300-day period "for cases in which state or local referral agency proceedings have been instituted . . . [regardless of] whether or not these other proceedings were timely instituted under state or local law." Urrutia v. Valero Energy Corp., 841 F.2d 123, 125 (5th Cir. 1988) (citing Mennor v. Fort Hood National Bank, 829 F.2d 553, 556 (5th Cir. 1987)).

-6-

employment with the Defendant that same day.   (Compl. at ¶ 6.)

Therefore, under § 2000e-5(e)(1), Plaintiff was required to file a

charge with the EEOC within 300 days from April 15, 2006.   In other

words, the deadline for Plaintiff to file her charge with the EEOC

was, at the latest, February 8, 2006.   Defendant contends that

Plaintiff did not sign a formal "Charge of Discrimination" until

March 10, 2006--329 days after her resignation.   (See Def.'s Ex.

("DEX") 1.)   Defendant also attaches as evidence a "Dismissal and

Notice of Rights" from the EEOC to Plaintiff, stating that the EEOC

was dismissing her complaint because her "charge was not timely

filed with the EEOC."[3]   (DEX 2.)   Thus, Defendant reasons that

Plaintiff's claim is time-barred under 42 U.S.C. § 2000e-5(e)(1).

Plaintiff does not dispute that she did not sign a formal EEOC

charge document until March 10, 2006.   Rather, Plaintiff argues

that the Court should consider her earlier written filings with the

CCHRC as a "charge" satisfying the timeliness requirements of §

2000e-5(e)(1).   In particular, Plaintiff alleges that she met with

Ms. Janice Smoot ("Ms. Smoot"), a representative of the CCHRC, on

or about January 16 or 17, 2006 to discuss her potential claim

against her employer.   (See Pl.'s Ex. ("PEX") 2; 6.)   At this

meeting, Plaintiff claims that Ms. Smoot instructed her to compile

---

[3] Courts are not bound by the EEOC's determinations
regarding compliance with Title VII's filing requirements, but
must instead "make an independent determination . . . rather than
deferring to the EEOC."   See, e.g., Chappell v. Emco Mach. Works
Co., 601 F.2d 1295, 1304 (5th Cir. 1979).

a sequence of events describing the harassment she claimed to have suffered while working for the Defendant. (PEX 6.)  On January 23, 2006, after consulting with her attorney, Plaintiff drafted a "Sequence of Events" and delivered the document, along with a completed "Intake Form" to Ms. Smoot. (PEX 6; 7.)  According to Plaintiff, she and her attorney believed that the "Sequence of Events" and initial intake form would constitute her charge against the Defendant. (PEX 6; 7.)  Over a month later, however, on March 10, 2006, Plaintiff claims that she was instructed to return to CCHRC and sign more documentation, (PEX 6), including a formal charge against the Defendant (DEX 1).  At that time, Plaintiff alleges that Ms. Smoot used "white-out" to change the dates on the "Sequence of Events" and "Intake Form" to correspond with the date of the formal charge, March 10, 2006. (PEX 6; 9.)  This Court must accept these allegations as true for the purposes of ruling on the motion to dismiss. See Beanal, 197 F.3d at 161.

Plaintiff argues that the Court should deem her "Intake Form" and "Sequence of Events," filed with the CCHRC on January 23, 2006, as her "charge" under § 2000e-5(e)(1), even though the *formal charge document* was not completed and signed until March 10, 2006. As the Supreme Court has noted, § 2000e-5 does not define the term "charge" or specify what kind of filing can constitute a charge under the statute. See Edelman v. Lynchburg College, 535 U.S. 106, 112 (2002) ("Neither provision [of § 2000e-5] defines 'charge'

-8-

which is likewise undefined elsewhere in the statute").  The EEOC,
however, has issued a regulation addressing this topic, which
states that "a charge is sufficient when the Commission receives
from the person making the charge a written statement sufficiently
precise to identify the parties, and to describe generally the
action or practices complained of."   29 C.F.R. § 1601.12(b).
Furthermore, a "charge may be amended to cure technical defects or
omissions, including failure to verify the charge, or to clarify
and amplify allegations made therein." Id.  "Such amendments . . .
will relate back to the date the charge was first received." Id.;
Manning v. Chevron Chemical Co., LLC, 332 F.3d 874, 878 (5th Cir.
2003) ("If the amendments involve acts that relate to or grow out
of the subject matter of the original charge, the amendments will
relate back to the date the charge was first received").  The
Supreme Court has held that these EEOC regulations are not only
"reasonable . . . but the position [the Court] would adopt even if
there were no formal rule and [the Court] was interpreting the
statute from scratch." Edelman, 535 U.S. at 114; see also Price v.
Southwestern Bell Tel. Co., 687 F.2d 74, 77 (5th Cir. 1982).

     In this case, the Court finds that Plaintiff's "Intake Form"
and "Sequence of Events" filed with the CCHRC[4] are sufficient to

_____

     [4]  As noted above, the filing with the CCHRC is sufficient
to constitute a filing with the EEOC, because pursuant to a
Worksharing Agreement between the agencies, the CCHRC (as an arm
of the TCHR) is the designated agent of the EEOC for the purposes
of receiving charges. Vielma, 218 F.3d at 462; Jackson, 172
F.Supp.2d at 868; Cook, 798 F.Supp. at 421-22.

constitute a "charge" under 29 C.F.R. § 1601.12(b). These documents are written statements that clearly identify the parties by name and describe in great detail the conduct forming the basis of Plaintiff's complaint. (PEX 4 at 1-4; 5 at 1-2.) Specifically, the "Sequence of Events" provides: (1) the first and last names of the persons who allegedly-harassed Plaintiff, (2) a four-page narrative describing the discriminatory and harassing conduct, and (3) the month and year in which each incident occurred. (PEX 4 at 1-4.) Courts have found similar written information sufficient to constitute a "charge" and satisfy the terms of 29 C.F.R. § 1601.12(b). See, e.g., Price, 687 F.2d at 76-78 (unsigned EEOC Form 283 constituted a charge where it informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in some detail); Casavantes v. California State Univ., Sacramento, 732 F.2d 1441, 1443 (9th Cir. 1984) ("Intake Questionnaire . . . clearly gave the Commission a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of"); Hansen, 2006 WL 846363 at *4 (a plaintiff's "'Intake Questionnaire' . . . in which he complained that defendant discriminated against him on the basis of his sex (male) by, inter alia, discharging him on November 4, 2003" was sufficient to constitute a charge). The fact that Plaintiff did not sign a formal charge document until after the 300-day limitations period passed is irrelevant because the formal charge document relates-back to January 23, 2006, the date that

-10-

Plaintiff claims the "Sequence of Events" and "Intake Form" were filed with CCHRC. <u>See</u> 29 C.F.R. § 1601.12(b). Because January 23, 2006, is only 284 days from the date which Plaintiff last suffered harassing conduct, her charge is timely under § 2000e-5(e)(1). <u>See</u> <u>Morgan</u>, 536 U.S. at 113. Therefore, Defendant's Motion to Dismiss is DENIED.

## III. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (D.E. 6) is DENIED.

SIGNED and ENTERED this 5th day of October, 2006.

_____

Janis Graham Jack
United States District Judge

-11-